UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHANNA CHIASSON | CIVIL ACTION |
| VERSUS | NO. 24-1245 |
| DG LOUISIANA, LLC | SECTION M (5) |

**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant DG Louisiana, LLC ("Dollar General").[1] Plaintiff Johanna Chiasson responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion as to dismissing the entire case and granting the motion as to Chiasson's claims related to her right knee injury.

**I.   BACKGROUND**

This case concerns a trip-and-fall accident. Chiasson alleges that on January 12, 2023, she went to the Dollar General store in Violet, Louisiana, and as she "entered into the inside of the store[,] her shoe became lodged in a crack in the cement floor causing [her] to violently fall down."[3] She further alleges that she suffered "severe injuries, including injuries to the muscles, ligaments, tendons, blood vessels[,] and other structures of her body," the aggravation of preexisting conditions, chronic pain, and mental anguish as a result of the fall.[4] Chiasson alleges that Dollar General was negligent for failing to repair the hole.[5]

---

[1] R. Doc. 17.
[2] R. Doc. 22.
[3] R. Doc. 1-2 at 2.
[4] *Id.* at 3.
[5] *Id.* at 2-3.

At her deposition, Chiasson testified that she shops at that Dollar General store often, about twice a week, and has done so for about the last six years, but never saw the hole before.[6] On the day of the accident, she was wearing crocs and walking toward the door when the tip of her right croc became caught in the hole and she fell forward onto her left knee.[7] Chiasson described the hole as being the size of a miniature éclair.[8] After the accident, Chiasson sought treatment at the emergency room for the injuries to her left knee.[9] She was diagnosed with a cracked tibia and torn meniscus.[10] At that time, she had no complaints related to her right knee.[11] Chiasson underwent a successful surgery to repair the damage.[12] About a year later, she fell at her house and hurt her right knee.[13]

## II.    PENDING MOTION

Dollar General moves for summary judgment, arguing that Chiasson cannot sustain a claim for merchant liability because she cannot prove that Dollar General was negligent for failing to repair the hole, which, says Dollar General, did not present an unreasonable risk of harm.[14] Dollar General, relying on cases involving pavement expansion joints, crosswalks, and sidewalks, argues that Louisiana law accepts pavement deviations to a certain extent and that the "miniature éclair" sized hole at issue in this case was not large enough to present an unreasonable risk of harm.[15] Dollar General also argues that the likelihood and magnitude of the harm were low because

---

[6] R. Doc. 17-2 at 14, 26-27.
[7] *Id.* at 16-18, 27.
[8] *Id.* at 22.
[9] *Id.* at 2-3.
[10] *Id.* at 3.
[11] *Id.*
[12] *Id.* at 4.
[13] *Id.*
[14] R. Doc. 17-1 at 5, 6-13. Dollar General also moves for summary judgment on any claim related to Chiasson's right knee injury because the evidence shows that it was unrelated to the fall. *Id.* at 5, 13-16. Chiasson does not contest Dollar General's motion on this issue. R. Doc. 22 at 1 n.1. Therefore, Dollar General's motion for summary judgment is GRANTED as to any claim related to Chiasson's right knee injury and those claims are DISMISSED WITH PREJUDICE.
[15] R. Doc. 17-1 at 7-11.

2

Chiasson and her companion, Michael Barletta, both testified at their depositions that they frequently went to the Dollar General store in question and neither of them saw the hole until the day of the accident and they were not aware of another person falling in the hole.[16] Further, Dollar General contends that it would be cost-prohibitive for a merchant in south Louisiana to repair all such pavement deviations due to subsidence caused by weather and soil conditions.[17] Finally, Dollar General posits that perhaps Chiasson's poor choice of footwear, crocs, was to blame for the accident.[18]

In opposition, Chiasson argues that there are disputed issues of material fact that preclude summary judgment because her expert architect and engineer, Neil Hall, has opined that the 1⅛-inch hole developed as a result of differentiation in the settlement of the sidewalk and foundation slab and constituted a tripping hazard under local and state safety codes.[19] Chiasson contends that the risk-utility test weighs in favor of denying summary judgment because, regardless of its size, the hole presented an unreasonable risk of harm as it was in a high-traffic area.[20] Chiasson points out that the cases cited by Dollar General are factually distinguishable because they did not involve a hole right in front of a gentle slope up to the store's entrance.[21] Further, Chiasson argues that Dollar General has not shown that the likelihood and magnitude of the harm were low because it provides no proof that there were no other falls caused by the hole and her injuries were severe.[22] Next, Chiasson contends that the cost of repairing the harm was not prohibitive because she does not contend Dollar General had to maintain a perfectly flat paved surface, but rather, that it should have fixed a hole at the entrance to the store when it could have done so without much difficulty

---

[16] *Id.* at 11.
[17] *Id.* at 11-12.
[18] *Id.* at 12.
[19] R. Doc. 22 at 2-3, 5-6.
[20] *Id.* at 8-9.
[21] *Id.* at 9-11.
[22] *Id.* at 11-12

or expense.[23] Indeed, Hall found evidence that Dollar General had tried to fix this hole with a caulk compound.[24] Finally, Chiasson argues that the role her shoes played in the accident, if any, is an issue for trial, not a winning summary-judgment argument.[25]

## III. LAW & ANALYSIS

### A. Legal Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a

---

[23] *Id.* at 12-14.
[24] *Id.* at 14.
[25] *Id.* at 15-16.

whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could

5

support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Premises Liability

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* The statute applies to slip-and-fall accidents that occur in parking lots. *Guilbeaux v. Lupo Enters., L.L.C.*, 321 So. 3d 447, 453-54 (La. App. 2021). To prove a negligence claim against a merchant in a slip-and-fall case, the plaintiff must prove all of the following:

> (1) The condition [existing in or on a merchant's premises alleged to have caused the fall] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6(B).

The first element of section 9:2800.6(B) requires a plaintiff to show that a condition presented an unreasonable risk of harm. The mere fact that an accident occurred "does not elevate the condition of the thing to that of an unreasonably dangerous defect." *Durmon v. Billings*, 873 So. 2d 872, 876 (La. App. 2004). To determine whether a condition presents an unreasonable risk of harm, courts "must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others." *Latour v. Steamboats, LLC*, 371 So. 3d 1026, 1035 (La. 2023) (quotation and alteration omitted). In making this determination, courts employ a risk-utility balancing test consisting of four factors: "(1) the utility of the complained-of condition; (2) the

likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Id.* at 1036 (footnote omitted) (citing *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 474 (La. 2023)).

"Failure to prove any one element negates a plaintiff's negligence action." *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017). The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.,* 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted).

The issue before the Court on Dollar General's motion for summary judgment is whether the hole presented an unreasonable risk of harm. After reviewing the motion, the opposition, and the evidence attached to each, the Court finds that there are disputed issues of material fact bearing on the risk-utility test that preclude summary judgment. First, the complained-of condition, the hole at the entrance to the store, clearly had no social utility. On the other hand, the incline in the pavement where the hole developed, had some social utility as it provided accessible ingress and egress for the store. Next, Dollar General has not presented any summary-judgment evidence to establish that the harm was unlikely other than the statements of two patrons – Chiasson and Barletta – that they did not notice the hole or know of anyone else who was injured by it. There is no other summary-judgment evidence showing that there have been no other falls associated with the hole. Also, the magnitude of the harm is arguably great considering the hole's location right at the entrance of the store and the extent of Chiasson's injuries. Further, Dollar General has not submitted any summary-judgment evidence showing that the cost of preventing or fixing a hole at the entrance to the store – as opposed to providing completely smooth pavement throughout

the full extent of the store's perimeter – would be cost prohibitive. Finally, Chiasson's activity at the time of the accident – shopping – had social utility and generally was not dangerous by nature. Whether her shoes played a role in the fall is an issue for the trier of fact. Thus, on balance, Dollar General is not entitled to summary judgment dismissing Chiasson's case.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dollar General's motion for summary judgment (R. Doc. 17) is GRANTED as to Chiasson's claims regarding her right knee injury, and those claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Dollar General's motion for summary judgment is otherwise DENIED.

New Orleans, Louisiana, 8th day of April, 2025.

                                                            BARRY W. ASHE
                                                            UNITED STATES DISTRICT JUDGE